UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH COOPER,

    Plaintiff,

    v.

PREMERA BLUE CROSS, *et al.*,

    Defendants.

Case No. C06-1466RSL

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

This matter comes before the Court on plaintiff's motion to amend his complaint to include a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (Dkt. #31). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Defendant Premera Blue Cross ("Premera") argues that plaintiff's proposed amendment would be futile. A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

ORDER GRANTING
MOTION TO AMEND - 1

Premera argues that the amendment would be futile because the contract expressly excludes any benefits for claims which are covered by PIP.  That argument, however, is not unique to plaintiff's ERISA claim.  Premera has argued that plaintiff's previously asserted claims should be dismissed for the same reason.  When Premera made that argument, in a motion *in limine*, the parties relied on documents not filed with this motion.  Therefore, it appears that the merits of plaintiff's claims will be better evaluated with the benefit of a complete record and full briefing, rather than via this motion.  Accordingly, the Court GRANTS plaintiff's motion to amend his complaint to include a claim under ERISA (Dkt. #31).  Plaintiff must file his amended complaint in the docket within ten days of the date of this order.

At this point, it appears that the merits of plaintiff's claim can be evaluated based on written submissions rather than a trial.  If the parties disagree, they should file a joint status report requesting a hearing and specifically setting forth the amount of time needed to resolve the matter.  Otherwise, the following briefing schedule will apply: by February 28, 2008, defendants will file a motion to dismiss and/or for summary judgment and note it on the motions calendar for March 28, 2008.  Plaintiff's response shall be due by March 20.  Defendants' reply, if any, must be filed by March 28, 2008.

DATED this 5th day of February, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO AMEND - 2