UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH COOPER,

    Plaintiff,

    v.

PREMERA BLUE CROSS, *et al.*,

    Defendants.

Case No. C06-1466RSL

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendants Premera Blue Cross ("Premera") and its affiliate Calypso Healthcare Solutions ("Calypso"). Plaintiff Joseph Cooper alleges that defendants violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* by obtaining refunds from his health care providers after he received benefits from another insurer.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

For the reasons set forth below, the Court grants defendants' motion.[1]

## II. DISCUSSION

**A.    Background Facts.**

In June 2004, plaintiff suffered debilitating physical injuries in an accident involving an all-terrain vehicle driven by a third party. Plaintiff had Personal Injury Protection ("PIP") and Uninsured Motorist ("UM") coverage through Allied Insurance ("Allied"). Allied initially denied plaintiff's claim for PIP benefits because it did not cover injuries caused by all-terrain vehicles. Plaintiff resubmitted his claim, and Allied reversed its denial in May 2005. Plaintiff received $10,000 for his medical expenses in one lump sum in June 2005. Declaration of John Neeleman, (Dkt. #41) ("Neeleman Decl."), Ex. I. Plaintiff also received $50,000 in UM benefits and $4,200 for lost wages under the PIP policy.

Plaintiff's employer provided him with health insurance benefits through Premera. Before Allied reversed its denial of plaintiff's claim, plaintiff submitted a claim for benefits under the Premera policy (the "Plan"). Premera fully reimbursed plaintiff's medical providers. After plaintiff received the $10,000 PIP benefits earmarked for his health care expenses, Calypso sent plaintiff a letter requesting reimbursement of $10,000 it had paid towards plaintiff's medical bills because PIP "is an exclusion on this member's plan." Plaintiff's Response, Ex. Q. Rather than simply requiring repayment, Premera offered plaintiff a chance to show that he had used the PIP benefits for medical

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendants' request for oral argument is denied.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

expenses:

> If you make any counter-offer other than $10,000.00, then we will require a ledger providing proof specifically how the PIP benefit was applied including which providers, dates of service and receipts for any out of pocket expenses. If there is any balance left from the $10,000.00, we request immediate reimbursement for that amount. We will then deduct that amount from our subrogation total.

Id. Although plaintiff created and provided a list of his medical expenses, he did not provide the requested receipts or other documentation showing that he spent the PIP benefits on medical expenses. On February 14, 2006, Calypso sent plaintiff another letter and explained that "the Plan has an EXCLUSION when coverage is available through PIP coverage or other similar no-fault coverage." Id., Ex. S (emphasis in original). The letter again requested documentation that the PIP benefits had been spent on medical expenses, and absent such documentation, it stated that Calypso would seek reimbursement of the $10,000 benefit either from plaintiff or from his health care providers. Although plaintiff sent a letter back "demand[ing] that no action be taken to deduct any money from providers until this matter is resolved," plaintiff did not provide the requested documentation or submit reimbursement. Id., Ex. T. Premera subsequently obtained reimbursements totaling $10,000 from plaintiff's providers.

**B.     Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.  Analysis.**

As an initial matter, Premera argues that its decision to seek reimbursement is entitled to deferential review under the abuse of discretion standard. District courts review a plan's interpretation of an agreement *de novo* unless the plan grants the administrator discretion to construe its terms or to determine eligibility for benefits. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Although Premera argues that the Plan grants it discretion, it does not cite any provisions affording discretion. Accordingly, the Court will use a *de novo* standard of review and has

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

1 reviewed the additional documents submitted by the parties.

2   Plaintiff argues that he was not required to reimburse Premera for the PIP benefits that he received.  However, the Plan states, "Benefits aren't available under this plan when coverage is available through: . . . Personal injury protection (PIP) policy."  Plan at p. 24.  It is undisputed that plaintiff received PIP benefits for his medical expenses, and Premera paid his providers directly for the same medical expenses.  The Plan also explicitly authorized Premera to seek reimbursement: "We have the right to recover amounts we paid that exceed the amount for which we're liable.  Such amounts may be recovered from the subscriber or any other payee, including a provider."  Id. at p. 41.  Plaintiff does not argue that these provisions are ambiguous or that the Court should not enforce the Plan provisions as written.

  Plaintiff argues that he should be allowed to retain the PIP benefits because he has not been fully compensated for all of his damages.  However, Premera was not required to compensate plaintiff for his lost wages, pain and suffering, or any other non-medical component of his alleged damages.  Even if plaintiff paid some medical expenses himself, the undisputed facts show that those expenses are divided in three categories: (1) co-pays and deductibles that plaintiff was contractually required to pay,[2] (2) providers' fees for services at rates that were higher than the negotiated rates Premera paid, and (3) interest

---

[2] In his memorandum, plaintiff argues that he used the PIP benefits to pay medical expenses.  However, he concedes that he used approximately $7,000 of the benefits to repay his in-laws for mortgage expenses, and used the remainder to pay co-pays and deductibles for which he was otherwise responsible. Cooper Dep. at pp. 13-14, 19-20, 25.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

charges. Plaintiff could have avoided paying the higher rates and interest if he had either reimbursed Premera for the PIP benefits or shown that he used the PIP benefits to pay medical expenses. Plaintiff did neither.[3]

In addition, the Plan does not require that plaintiff be "made whole" as plaintiff alleges. Plaintiff argues that language in the provision titled, "Uninsured and Underinsured Motorist Coverage" supports his position. However, by its plain language, that provision only applies to uninsured and underinsured motorist coverage.

Plaintiff also argues that the Plan excludes coverage only if PIP benefits are paid *before* Plan benefits. Plaintiff's argument is illogical and inconsistent with the plain language of the policy.[4] Plaintiff relies on a provision titled, "Third-Party Liability (Subrogation)" but Premera is not asserting subrogation rights. Premera might have asserted subrogation rights if Allied had not paid the PIP benefit, but Allied did so. Nor did Premera assert subrogation rights when it sought reimbursement from the providers because those providers were not liable to plaintiff. See, e.g., Barnes v. Indep. Auto. Dealers Ass'n Health & Benefit Plan, 64 F.3d 1389, 1392 (9th Cir. 1995) (explaining that subrogation "is the insurer's right to be put in the position of the insured, in order to

---

[3] Plaintiff claims that he was not required to submit the requested documentation. "All the Defendants needed to satisfy the Plan's eligibility requirement was proof that Mr. Cooper had no other available insurance coverage." Plaintiff's Response at p. 13. Plaintiff contends that he supplied that proof with the PIP denial letter. Plaintiff's argument ignores the fact that his PIP application was subsequently granted and he received PIP benefits.

[4] Also, plaintiff's argument, if accepted, could encourage providers to delay payments, which is inconsistent with public policy.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 6

recover from third parties who are legally responsible to the inured for a loss paid by the insurer"). Even if Premera had asserted subrogation rights, the subrogation provision in the Plan permits it to recover under these circumstances: "To the fullest extent permitted by law, we're entitled to the proceeds of any settlement or judgment that results in a recovery from a third party, up the amount of benefits paid by us for the condition." Neeleman Decl., Ex. F at p. 29.  The subrogation provision does not require that plaintiff be made whole before the Plan can seek reimbursement.  In fact, the Ninth Circuit has explained that there is "no need to use [the] make-whole doctrine when [the] plan specifically provides for [the] insurer's first priority."  Barnes v. Indep. Auto. Dealers Ass'n Health & Benefit Plan, 64 F.3d 1389, 1392 (9th Cir. 1995).  In this case, the PIP exclusion provides for Premera's first priority.  Accordingly, under the Plan, Premera was permitted to seek reimbursement after plaintiff received PIP benefits.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #40).  The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.

DATED this 23rd day of May, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 7